## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | |
|---|---|
| KIMBERLEY A. WHITE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 7:19-cv-00025<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KIMBERLEY A. WHITE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of UNITED COLLECTION BUREAU, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the same common nucleus of operative fact as Plaintiff's federal question claims.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over-the-age of 18 residing in Ector County, Texas, which is located within the Western District of Texas.

5.   Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.   Defendant is a collection agency that specializes in collecting debts from a variety of industries. Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business located at 5620 Southwyck Boulevard, Toledo, Ohio.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   Around September of 2018, Plaintiff received medical services from Odessa Physicians Associates, PLLC ("OPA").

10.   Due to financial hardship, Plaintiff fell behind on her scheduled payments to OPA, thus incurring debt ("subject debt").

11.   Around January of 2019, Plaintiff began receiving calls to her cellular phone, (432) XXX-9376, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9376. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used several numbers to place collection calls to Plaintiff's cellular phone, including but not limited to: (877) 662-5128, and (888) 219-4196.

14. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

16. Moreover, Defendant has utilized prerecorded messages when contacting Plaintiff.

17. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

18. Plaintiff explained her financial inability to address the subject debt during one of her conversations with Defendant.

19. In response, Defendant exerted undue pressure on Plaintiff by attempting to influence Plaintiff to utilize the financial assets of a family member to make a payment towards the subject debt.

20. Defendant insisted that Plaintiff needed to pay the subject debt in full, despite the fact that Plaintiff explained her financial inability to comply with Defendant's unreasonable demands.

21. Due to Defendant's aggressive collection tactics, Plaintiff demanded that Defendant cease contacting her.

22. Despite Plaintiff's demands, Defendant has continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

23.   Plaintiff has received approximately 10 phone calls from Defendant, even after Plaintiff demanded that Defendant stop contacting her.

24.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1961.[1]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[1] http://www.acainternational.org/search#memberdirectory

### a. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it persistently called Plaintiff after being notified to stop. Defendant called Plaintiff at least 10 times even after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

35. Defendant further violated 15 U.S.C. §1692d when it obstinately insisted that Plaintiff needed to make a payment after Plaintiff had explained that she lacked the means to address the subject debt. Moreover, Defendant harassed Plaintiff by attempting to convince Plaintiff to illegally use a family member's funds to make a payment to Defendant.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

   c.  **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. Moreover, Defendant violated §1692f by unfairly and unconscionably attempting to induce Plaintiff to use the funds from a family member to make a payment to Defendant. Defendant attempted to use outward pressure in order to coerce Plaintiff into making a payment.  Any reasonable fact finder will conclude that Defendant unfairly and unconscionably encouraged Plaintiff to utilize someone else's financial information to make a payment to Defendant. Consequently, Defendant's methods only served to confuse and worry Plaintiff.

42. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KIMBERLEY A. WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

45. Defendant placed numerous calls to Plaintiff's cellular phone and left prerecorded messages without Plaintiff's consent.

46. Defendant also used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after she demanded that

the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

47.   Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using pre-recorded messages and an ATDS without her consent. Plaintiff does not have a relationship with Defendant, and never provided Defendant with consent to call her cellular phone using an ATDS or prerecorded messages. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

48. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

49.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIMBERLEY A. WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

50.   Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

8

51.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

52.  Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

53.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

54. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

55. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 10 times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

56. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.  Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b.  Violations of TDCA § 392.304

57. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

58. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, KIMBERLEY A. WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 30, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                      *Counsel for Plaintiff*
Admitted in the Western District of Texas      Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                  (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com